UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD BUZZARD, JR,<br>Petitioner,<br>v.<br>DAN ALLEN,<br>Respondent. | Case No. 2:26-cv-02015-JCC-TLF<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE |

This is a federal habeas action filed under 28 U.S.C. § 2254, a civil action. Dkt. 4. Petitioner Ronald Buzzard, Jr, is currently detained at the Monroe Correctional Complex-Twin Rivers. *Id.*

"Generally, a person has no right to counsel in civil actions," such as a habeas action under § 2254. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "[R]epresentation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . ." 18 U.S.C. § 3006A(a)(2)(B); *see also* 28 U.S.C. § 1915(e).

A financially eligible petitioner may still be appointed counsel under "'exceptional circumstances.'" *Palmer*, 560 F.3d at 970 (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F. 3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity

of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The 'exceptional circumstances' standard requires more than difficulties typical to a pro se litigant or prisoner, which include but are not limited to generalized logistical concerns regarding discovery or litigating his matter, his lack of legal education, imperfect law library access, or an inability to find counsel. *See*, *e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *see also Haynie v. Sysouvanh*, No. 2:22-cv-02204 DAD SCR P, 2025 WL 886885, at *13 (E.D. Cal. Mar. 21, 2025); *see also Harnandez v. Welch*, No. 1:23-cv-01563-JLT-SKO, 2024 WL 1641218, at *3 (E.D. Cal. Apr. 16, 2024).

Here, petitioner does not explain why he needs counsel in light of the merits of his claim and the 'exceptional circumstances' standard. Dkt. 5. Instead, he briefly recounts his efforts to obtain private counsel. *Id*.

Accordingly, petitioner's motion for counsel is **DENIED without prejudice**, meaning petitioner may re-file a new motion to appoint counsel if he chooses.

Dated this 17th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge